# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

CHERRON JACKSON,                                                                   PLAINTIFF

v.                              4:19cv00045-DPM-JJV

ANDREW SAUL,[1] Commissioner,
Social Security Administration ,                                                    DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge D.P. Marshall Jr. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

## RECOMMENDED DISPOSITION

Plaintiff, Cherron Jackson, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for supplemental security income and disability insurance benefits. Both parties have submitted appeal briefs and the case is now ready for a decision. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see*

---

[1]Andrew Saul was sworn in as Commissioner of the Social Security Administration on June 17, 2019, replacing Nancy Berryhill. He has therefore been substituted as the defendant in this case pursuant to Federal Rule of Civil Procedure 25(d)(1).

*also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996). In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful consideration of the record as a whole, I find the decision of the Commissioner is supported by substantial evidence.

Plaintiff was forty-three years old at the time of the administrative hearing. (Tr. 73.) With regard to her past education, Ms. Jackson testified she went as far as "A year in college." (*Id*.) Ms. Jackson has past relevant work as a customer service representative and salvager. (Tr. 25.) The Administrative Law Judge[2] (ALJ) found Ms. Jackson has a combination of "severe" impairments, (Tr. 16), but did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 16-18.)

---

[2]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

The ALJ determined Ms. Jackson had the residual functional capacity (RFC) to perform a reduced range of light work. (Tr. 18.) Given this RFC, Ms. Jackson is no longer able to perform her past relevant work. (Tr. 25.) Therefore, the ALJ employed the services of a vocational expert to determine whether jobs existed that Ms. Jackson could perform despite her impairments. (Tr. 88-96.) Based in part on the vocational expert testimony, the ALJ determined that Plaintiff was capable of performing the jobs of housekeeper/cleaner, small parts assembler, and laundry sorter. (Tr. 27.) Accordingly, the ALJ determined Ms. Jackson was not disabled. (*Id.*)

In support of her Complaint, Ms. Jackson argues that the ALJ failed to properly address the opinions of her treatment providers, Mark Andersen, M.D., and Emily K. Whitley, LCSW. (Doc. No. 12 at 7-11.) Plaintiff says, "The Administrative Law Judge noted that the opinions were entitled to 'some weight' but found that the claimant was not as limited in her functional ability as Dr. Andersen and Ms. Whitley reported. There is no basis in the record for disregarding these opinions to any extent." (*Id.* at 7.) Plaintiff further argues that "no reason for disregarding Dr. Andersen's opinion is given at all." (*Id.* at 8.)

The United States Court of Appeals for the Eighth Circuit has reiterated:

> Generally, a treating physician's opinion is given more weight than other sources in a disability proceeding. 20 C.F.R. § 404.1527(c)(2). Indeed, when the treating physician's opinion is supported by proper medical testing, and is not inconsistent with other substantial evidence in the record, the ALJ must give the opinion controlling weight. *Id.* "However, [a]n ALJ may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010) (alteration in original) (internal quotation omitted). Ultimately, the ALJ must "give good reasons" to explain the weight given the treating physician's opinion. 20 C.F.R. § 404.1527(c)(2).

*Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012).

Plaintiff makes a fair point. However, a close review of the ALJ's assessment reveals she gave proper consideration to Plaintiff's treatment provider's opinions. The ALJ stated:

> As for the opinion evidence, the undersigned has considered the opinions of Emily Whitley, LCSW and Dr. Mark Anderson [*sic*] of Behavioral Health, as provided in the Work Capacities Forms provided on behalf of the claimant. Because these two forms appear to have been completed almost exactly the same, as if completed by the same person, they are considered as one opinion and are entitled to some weight. The undersigned has determined that the claimant is not as limited in her functional ability as did Dr. Anderson [*sic*] and Ms. Whitley in their evaluations.

(Tr. 25.)

The ALJ's characterization of the forms being nearly identical is correct and the ALJ could correctly consider them to be one opinion. And while I do not necessarily agree with the Commissioner that forms consisting of "checked boxes, circled answers and brief fill-in-the-blank responses" *automatically* provide "little evidentiary value," (Doc. No. 13 at 6), I do find the forms provided by Dr. Andersen and Ms. Whitley to be unpersuasive. (Tr. 1203-1217.)

Additionally, in squarely addressing Plaintiff's point that the ALJ gave no reason to discount these opinions, the ALJ considered these opinions in the face of the overall evidence of record. Earlier in the opinion - after addressing Plaintiff's medical and psychiatric history – the ALJ recited the medical evidence including those findings reported in the Work Capacities Forms and stated:

> The above evidence regarding the claimant's history of treatment for depressive disorder and anxiety disorder supports the limitations contained in the residual functional capacity that the claimant is limited to unskilled work, and may have occasional contact with supervisors, coworkers, and the public.

(Tr. 24.) Based on her above statement, I find the ALJ considered all of the medical records and concluded they supported her RFC. I find the ALJ correctly concluded that the medical evidence supported her RFC and find the ALJ properly addressed the medical opinions and provided

4

adequate support for her assessment of them. In other words, the ALJ's decision (Tr. 13-27) is supported by substantial evidence.

With regard to the ALJ's hypothetical question posed to the vocational expert, for same reasons above, I find no error. I find substantial evidence to support the ALJ's RFC assessment and conclusion that Plaintiff could perform the jobs of housekeeper/cleaner, small parts assembler, and laundry sorter.

Counsel for both sides have done exemplary work here. I am sympathetic to Ms. Jackson's claims. I am certain she experiences some degree of limitation. But the overall medical evidence provides substantial support for the ALJ's determination that she could perform work at the light exertional level.

Plaintiff has advanced other arguments that I have considered and find to be without merit. It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts her findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992). I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS THEREFORE RECOMMENDED that the final decision of the Commissioner be affirmed, and Plaintiff's Complaint be dismissed with prejudice.

DATED this 22nd day of July 2019.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE